**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **Ereina "Honey Rockwell" Valencia** | ) ) ) | |
| **Plaintiff** | ) ) | **CASE NO.:** |
| **v.** | ) ) ) | |
| **Universal Studios Productions, Inc., and Marc Platt Productions** | ) ) ) ) | |
| **Defendants.** | ) ) ) ) | |

---

## PLAINTIFF'S COMPLAINT.

**COMES NOW** Plaintiff, by and through undersigned counsel, files this Complaint for Commercial Appropriation and Seclusion into Plaintiff's Privacy and shows this Honorable Court and Defendants as follows:

### INTRODUCTION

This action arises out of Defendants' unauthorized advertisement, use, sale, and release of motion pictures, digital video recordings, and merchandise pertaining to the identity and likeness of Plaintiff Ereina "Honey Rockwell" Valencia. In Defendants' release of their motion picture *Honey* and *Honey 2*, Defendants used Plaintiff's name, public image, and

personal story without her consent. As a result of Defendants'
unauthorized use of Plaintiff's name, Defendants gained
substantial financial profits totaling over $70,000,000.00, of
which Plaintiff has received $0. As a direct and proximate
result of Defendants' conduct, Plaintiff has sustained and will
continue to sustain injuries and damages, in an amount to be
proved at trial.

### JURISDICTION, PARTIES, VENUE, AND SERVICE

1.

This Court has subject matter jurisdiction over this matter
pursuant to 28 USC § 1332, as the parties are citizens of
different states and the amount in controversy exceeds
$75,000.00.

2.

Defendant Universal Studios Productions, Inc., (hereinafter
"Defendant Universal") is a Delaware corporation, with its
principal place of business at 100 Universal City Plaza,
Universal City, California. Defendant Universal is engaged in
the production, acquisition and distribution of motion pictures
for theatrical exhibition, home entertainment, and other forms
of distribution. Defendant Universal is the owner of the
copyrights and/or the pertinent exclusive rights under copyright
in the United States in motion pictures, including those
relevant to Plaintiff's Complaint. Defendant Universal has

availed itself to the jurisdiction of this Court, as it has, and continues to produces films in the state of Georgia.

3.

Defendant MARC PLATT PRODUCTIONS, INC. (herein after "Defendant Marc"), is a California corporation, with its principal place of business at 1925 Century Park East, 22nd Floor Los Angeles, CA 90067. Defendant Marc may be served upon its registered agent, Jackoway Tyerman Wertheimer Austen Mandelbaum, PC., at 1925 Century Park East 22nd Floor Los Angeles, CA 90067.

**FACTUAL ALLEGATIONS**

4.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 3 above as if fully restated.

5.

In December of 2003, Defendant released the motion picture film *Honey*, an internationally distributed film chronicling the life of "Honey Daniels," an up and coming hip hop dance instructor.

6.

In *Honey*, "Honey Daniels" is a Bronx, New York native of Hispanic descent who teaches hip hop dance at Hunts Point in the Bronx.

7.

In the film, Honey Daniels struggles with family issues, a dance studio in need of repair, and she is adapting to her sudden success of appearing in a hip hop music video.

8.

In the film, Honey Daniels dreams of opening her own dance studio. By the conclusion of the film, Honey Daniels overcomes the disapproval from her mother, and she opens her own dance studio, entitled the "*Bronx Dance Center*."

9.

Then, in 2010, Universal Studios released a second film, *Honey 2*, in which a woman inspired by Honey Daniels rises to fame as a hip hop dancer.

10.

Plaintiff is of Hispanic descent, a native of the Bronx, and she began dancing as a young child at the Bronx Dance Theater.

11.

Plaintiff adopted the stage name "Honey Rockwell" nineteen years ago in 1994. Under the stage name of Honey Rockwell,

Plaintiff began teaching dance to young children at Hunts Point and other local community dance centers in the Bronx.

12.

Plaintiff taught hip hop dance to youth at local community centers in the Bronx from 1994 and well past the release of *Honey* in 2003.

13.

In addition to teaching hip hop dance locally, Plaintiff amassed international acclaim as a dancer and dance instructor under her pseudonym, Honey Rockwell. Prior to Defendant's release of *Honey* in 2003, Plaintiff has achieved the following accomplishments as Honey Rockwell: 1) she created, produced, and released a music dance video entitled "B-Girls"; 2) she appeared in various dance magazines, newspapers, and music videos; 3) she performed domestically and internationally in major dance productions, some of which were broadcasted on MTV and VH1.

14.

Since the 2003 release of *Honey*, Plaintiff has continued to live out her passion for hip hop dance, performing domestically and internationally as Honey Rockwell. Further, since the 2003 release, countless people—both inside and outside of the dance industry—have approached Plaintiff and identified her as the woman depicted in the film *Honey*. Plaintiff was even contacted to appear at a movie release party as "the real honey."

15.

Also, while filming *Honey*, a producer for the film was notified of its character's strong similarity to Plaintiff. However, Defendant's producer failed to contact Plaintiff or obtain her consent to proceed with the film.

## COUNT#1

## COMMERCIAL APPROPRIATION AND RELIEF FOR RIGHT OF PUBLICITY AGAINST DEFENDANT

16.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 15 above as if fully restated.

17.

Georgia law recognizes four distinct types of privacy invasion encompassed under the common law tort of invasion of privacy, namely (1) intrusion upon the plaintiff's seclusion or solitude, or into his or her private affairs; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; (4) **appropriation, for the defendant's advantage, of the plaintiff's name or likeness.**

18.

An appropriation of likeness claim in Georgia consists of the following elements: (1) the appropriation of another's name and

likeness, whether such likeness be a photograph or [other reproduction of the person's likeness], (2) without consent, and (3) for the financial gain of the appropriator.

9.

The aforementioned facts illustrate that Defendant appropriated Plaintiff's name, picture, likeness, and identity through its release of *Honey,* and *Honey 2.*

20.

For one, Defendant used Plaintiff's stage name in the title of its film and in the name of the main character of its film. Plaintiff notoriously assumed the stage name of "Honey" nearly a decade before Defendant's first release of *Honey* in 2003.

21.

Further, Defendant used the likeness and persona of Plaintiff by using Plaintiff's name, ethnicity, physical appearance, occupation, and personal story. In *Honey*, both the Plaintiff and the main character share the following identifiable characteristics: 1) the same stage name of "Honey"; 2) the same gender/ethnicity of a Hispanic woman; 3) the same occupation of a hip hop dance instructor teaching young children; 4) the same locale of Bronx, New York; 5) the same history of appearing in hip hop music videos; 6) and affiliations with the same dance studios, The Bronx Dance Theater and Hunts Point, among others.

22.

At no time or point did Plaintiff consent to Defendant's use of her name, likeness, persona, or life story in the creation or release of its motion pictures.

23.

Moreover, Defendant's non-consensual use of Plaintiff's likeness and persona was for the sole commercial and pecuniary benefit of Defendant. According to box office estimates, *Honey* grossed over $62,000,000.00 worldwide [$30,000,000.00 domestically and $30,000,000.00 internationally].  Further, according to box office estimates, Defendant's second film, *Honey II*, grossed over $10,000,000.00. Unfortunately, Defendant has failed to reimburse Plaintiff any portion of its gross after wrongfully using her persona and likeness.

24.

Given the specific and individualized matches between Plaintiff and the characters in Defendant's films, Defendant's refusal to get Plaintiff's consent constitutes an unwarranted intrusion in her privacy interest, of which there is no credible public interest exception.

25.

Based on the commercial appropriation of Defendant, Plaintiff has suffered irreparable harm and damages. Firstly, Plaintiff

suffered grave financial losses because Defendant refused to provide Plaintiff with any share of the substantial profits that Defendant gained in the release of its films, which used Plaintiff's persona.

26.

Also, Plaintiff has suffered damages to her reputation and public image as a result of Defendant's actions. As an international performer, Plaintiff's name and likeness has substantial value. Through Defendant's non-consensual and intentional use of Plaintiff's name and persona, Defendant undermined the reputation and value of Plaintiff's hard earned name and image. Defendant's actions have undermined the originality of a name and brand that Plaintiff worked so hard to achieve. Because of Defendant's actions, it appears that Plaintiff has copied the likeness of Defendant's character, instead of the other way around.

27.

Defendant's actions, as described herein, were committed malisioboulsy, intentionaly and with a willful and conscious disregard of Plaintiff's rights, making an award of punivitve damages appropriate in order to punish and deter Defendants from engaging in the conduct allegede herein.

## COUNT#2

## INTRUSION UPON PLAINTIFF'S SECLUSION AND SOLITUDE

28.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

29.

Georgia law recognizes four distinct types of privacy invasion encompassed under the common law tort of invasion of privacy, namely (1) **intrusion upon the plaintiff's seclusion or solitude, or into his private affairs**; (2) public disclosure of embarrassing private facts about the plaintiff; (3) publicity which places the plaintiff in a false light in the public eye; (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness.

30.

Conduct actionable as an intrusion involves a prying or intrusion, which would be offensive or objectionable to a reasonable person, into a person's private concerns.

31.

As a private individual, Plaintiff has a right to protect and safeguard the value of facts surrounding her identity, image, and persona.

32.

Plaintiff has a right to protect biographical information relating to her life history from being released to the public without her approved consent.

33.

Defendant intruded into Plaintiff's personal life by obtaining personal information regarding Plaintiff's identity and biographical information.

34.

Through the release of films that imitated the life of Plaintiff, Defendant violated Plaintiff's right to seclusion and solitude.

35.

Defendant released to international audiences information regarding Plaintiff's upbringing, her day-to-day struggles as a hip hop dance instructor, and information relating to her journey to becoming a well-respected dancer.

36.

Due to Defendant's intrusions, Plaintiff has suffered financial loss, harm to her reputation, harm to her public image, and harm to her identity as a dancer.

## COUNT #3

## DECEPTIVE TRADE PRACTICES UNDER O.C.G.A. §10-1-372

37.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 36 of the Complaint, as it fully set forth herein.

38.

Under O.C.G.A. §10-1-372:

(a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:

(1) Passes off goods or services as those of another;

(2) Causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

(4) Uses deceptive representations or designations of geographic origin in connection with goods or services;

(5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;…

(8) Disparages the goods, services, or business of another by false or misleading representation of fact;…

(12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

(b) In order to prevail in an action under this part, a complainant need not prove competition between the parties or actual confusion or misunderstanding.

(c) This Code section does not affect unfair trade practices otherwise actionable at common law or under other statutes of this state.

39.

The aforesaid production, promotion, distribution, offering for sale and sale by Defendants of goods or services bearing the HONEY mark constitute unfair and deceptive trade practices which deceive or mislead the public in violation of O.C.G.A. §10-1-372.

## COUNT #4

## FALSE ADVERTISING AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a) and OCGA 10-1-390

40.

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 39 of the Complaint, as it fully set forth herein.

41.

By imitating and infringing the Plaintiff's HONEY mark in interstate commerce, Defendants have violated section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

42.

Defendants' unauthorized marketing and sale of its products in interstate commerce using the HONEY mark constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' products as originating from or connected with a fictitious character when they truly originate from Plaintiff, and thus constitutes the use of false descriptions or representations in interstate commerce.

43.

Defendants' unfair competition actions violate 15 U.S.C. §1125(a).

44.

As a direct and proximate result of Defendants' false advertising, Plaintiff has suffered irreparable injury and will continue to suffer financial loss and Defendants will continue to unfairly acquire income, profits and good will.

14

## COUNT #5

### FRAUD AND UNFAIR COMPETITION UNDER O.C.G.A. §23-2-55

45.

Plaintiff re-alleges and incorporates by refernce the allegations contained in paragraphs 1 through 44 of the Complaint, as fully set forth herein.

46.

Defendants' use of the HONEY mark constitutes passing off, infringement, and missaporpriation of the HONEY mark, which intentionally deceived the public and is actionable for fraud under O.C.G.A. §23-2-55.

47.

Defendants, doing business in Georgia, are engaged in the production, manufacture, distribution, offering for sale and sale of goods or services using confusingly similar imitations of Plaintiff's mark. Defendants' conduct has been calculated to mislead the consuming public with regard to the source and origin of such goods or services. Such acts constitute an imposition on the public, are harmful to the business reputation and goodwill of the Plaintiff's and are done with malicious disregard of Plaintiff's rights.

48.

Such acts constitute an attempt to deceive the public and are in violation of the Georgia common law prohibition against

unfair competition.

49.

Defendants' aforesaid activities constitute unfair competition under O.C.G.A. § 23-2-55.

50

By reason of the foregoing, the Plaintiff has been injured in an amount not yet ascertained, and is entitled to monetary and equitable remedies.

**COUNT #6**

**TRADEMARK DILUTION IN VIOLATION OF O.C.G.A. 10-1-451(B)**

51.

Plaintiff re-alleges and incorporates by refernce the allegations contained in paragraphs 1 through 50 of the Complaint, as fully set forth herein.

52.

The aforesaid production, promotion, distribution, offering for sale and sale by Defendants of a Film under the Honey mark are likely to cause, and has caused injury to the Plaintiff's public image and business reputation, and to dilute the distinctive quality of their marks, in violation of O.C.G.A. § 10-1-451(b).

53.

Plaintiff was the first person and/or entity to use the

HONEY mark in the State of Georgia and in the United States in association with various goods and services related to the entertainment, specifically dance field. As a result of the continuing performance and sale by Plaintiff under the HONEY mark, said mark has become widely known and Plaintiff has become identified in the public mind as the source or sponsor of the goods and services offered under the mark. Defendants, without the consent or authorization of Plaintiff, have used reproductions, copies or colorable imitations of Plaintiff's HONEY mark in connection with the production, distribution, offering for sale and sale of goods or services, and such use is likely to cause confusion or mistake as to the source or origin of such goods or services.

54.

Defendants' aforesaid production, promotion, distribution, offering for sale and sale of goods or services bearing the Honey mark constitutes **trademark infringement** under the common law of the State of Georgia.

### Count #7

### UNJUST ENRICHMENT

55.

Plaintiff re-alleges and incorporates by refernce the allegations contained in paragraphs 1 through 54 of the Complaint, as fully set forth herein.

17

56.

Defendants have collected profits and royalties monies from the sale, distribution and airing of the "Honey" and "Honey 2" films without justly compensating the Plaintiff, which thereby enriched them.

57.

They have additionally used the "Honey" mark of the Plaintiff for their own personal gains, which has also enriched them.

58.

The enrichment was at expense of the Plaintiff.

59.

The Defendants' actions are such that they should be disgorged of their ill-gotten gains.

60.

The circumstances are such that equity and good conscience require Defendants to make restitution.

61.

As a result of the taking, Defendants have been unjustly enriched, and they should be disgorged of their ill-gotten gains in favor of the Plaintiff. Plaintiff also seek attorneys' fees, costs, and punitive damages.

**WHEREFORE**, the Plaintiff prays for judgment against each Defendant as follows:

1. For the harm to Plaintiff's reputation that resulted from Defendants' release of the aforementioned motion pictures;

2. For the nonconsensual use of Plaintiff's name, likeness, and persona in the profits of its films, which have grossed over $70,000,000.00 in box office ticket sales alone;

3. Plaintiff requests that Defendants be made to account to Plaintiff for all sales of *Honey* and *Honey 2* and all related merchandise, featuring Plaintiff's likeness to the date of judgment herein in order that the Court may order the disgorgement of all profits earned by Defendants as a result of its wrongful acts or such other amount as the Court shall find to be just according to the circumstances of the case;

4. For actual damages caused to Plaintiffs;

5. For the Plaintiff's costs and reasonable attorneys' fees; and

6. For such other and further relief as the Court deems proper.

Respectfully submitted this 21st day of February, 2014.


Thomas Reynolds Jr., Esq.
Georgia State Bar No.: 778864
121 Luckie Street, Suite 100
Atlanta, GA 30303
888-665-0241

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **Ereina "Honey Rockwell" Valencia** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **CASE NO.:** |
| ) | |
| **v.** ) | |
| ) | |
| **Universal Studios,Inc., Marc Platt Productions** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

---

## CERTIFICATE OF SERVICE

This is to certify that I have served on this date the foregoing **PLAINTIFF'S COMPLAINT** through the Georgia Secretary of State and by placing a true copy of the same in the United States Mail, with sufficient postage affixed thereto, addressed to Defendant's registered agent, to the following address:

**Universal Studios Productions, Inc.,**

Registered Agent

The Corporation Trust Company

Corporation Trust Center 1209 Orange Street

Wilmington, Delaware 19801

**Marc Platt Productions, Inc.**

Registered agent,

Jackoway Tyerman Wertheimer Austen Mandelbaum, PC.,

1925 Century Park East 22nd Floor

Los Angeles, CA 90067


This 21st day of February, 2014.

Thomas Reynolds Jr., Esq.
Georgia State Bar No.: 778864
121 Luckie Street, Suite 100
Atlanta, GA 30303
888-665-0241